IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2167-D

| | |
|---|---|
| JAMES L. WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JONATHAN MINOR, WARDEN, ) | |
| ) | |
| Respondent. ) | |

James L. Wilson ("Wilson" or petitioner), a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On April 21, 2011, the court reviewed Wilson's petition and allowed the action to proceed [D.E. 4]. On July 18, 2011, respondent filed a motion to dismiss or for summary judgment [D.E. 11]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Wilson of the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 14]. On August 8, 2011, Wilson filed a response in opposition to summary judgment [D.E. 15]. As explained below, the court grants respondent's motion for summary judgment.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the

nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

On June 16, 1995, the Superior Court of the District of Columbia sentenced Wilson to a 30-year term of imprisonment, an 8-year minimum term of imprisonment, and a 5-year D.C. mandatory minimum term of imprisonment for Possession of a Firearm During a Crime of Violence and Robbery. See Davis Decl., Att. 1 at 1;[1] see also Pet. Opp'n Mot. Summ. J. 3. Wilson committed this crime on January 10, 1995. Davis Decl., Att. 1 at 1; Pet. Opp'n Mot. Summ. J., Exs. at 2. On January 17, 1996, Wilson was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum, and on June 25, 1996, the United States District Court for the District of Maryland sentenced Wilson to a 360-month term of imprisonment for Conspiracy to Commit Armed Robbery of Postal Employee, Armed Robbery of Postal Employee, Aiding and Abetting, and Use of Handgun during Crime of Violence. Id., Att. 1 at 3; see Pet. Opp'n Mot. Summ. J. 3 & Exs. at 1. Wilson committed this crime on October 1, 1994. Davis Decl., Att. 1 at 3; Resp. Opp'n Mot. Summ. J., Exs. at 1.

---

[1] Henry Davis is employed by the Bureau of Prisons as a Management Analyst at the Designation and Sentence Computation Center. Davis Decl. ¶ 1.

2

On June 6, 2008 and October 24, 2009, the United States Parole Commission issued Notices of Action stating that it intended to parole Wilson on July 9, 2010. Davis Decl., Atts. 2–3. On July 9, 2010, Wilson was paroled from his D.C. Superior Court sentences. Id., Att. 1 at 2, 5; see Pet. Opp'n Mot. Summ. J. 2 & Exs. at 4-9. At the time of Wilson's parole, he was serving the federal sentence imposed by the District of Maryland, and had a proposed release date of August 13, 2022. Davis Decl., Att. 1 at 4.

Wilson asks that his federal and D.C. sentences run concurrently pursuant to 18 U.S.C. § 3584(c), which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregate term of imprisonment." 18 U.S.C. § 3584(c); see Resp. Opp'n Mot. Summ. J. 4. Wilson states that "[t]he District of Columbia retained primary jurisdiction over [his] sentences, which [it has not] relinquished over this period of sixteen years" and that there is no federal detainer lodged against him. Id. 5. Minor contends that Wilson's "argument seeks to oversimplify a highly technical system covering D.C. Code Offenders serving sentences in federal prisons. [Wilson's] parolable District of Columbia sentence . . . simply cannot be aggregated with his non-parolable U.S. Code sentence[.]" Resp. Mem. Supp. Mot. Summ. J. 6.

Wilson is not entitled to have his sentences run concurrently. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, the BOP has adopted Program Statements reflecting its interpretations of the sentencing administration statutes, and these Program Statements are "entitled to some deference[.]" Reno v. Koray, 515 U.S. 50, 60-61 (1995). The BOP's determination, contained in Program Statement 5880.33, that parolable D.C. Code offenses and non-parolable United States Code

3

offenses cannot be aggregated is reasonable. See, e.g., Wilson v. United States Parole Comm'n, 652 F.3d 348, 353 n.5 (3d Cir. 2011); Vitrano v. Marberry, Civil Action No. 06-310 Erie, 2008 WL 471642, at *5 (W.D. Pa. Feb. 19, 2008) (unpublished). Moreover, Wilson's release to parole from his D.C. term of imprisonment does not release him from custody, but rather to his federal sentence. See United States v. Luskin, 16 Fed. Appx. 255, 259 nn. 3–4 (4th Cir. 2001) (per curiam) (unpublished); Thomas v. Brennan, 961 F.2d 612, 618 (7th Cir. 1992). Accordingly, the court rejects Wilson's argument.

II.

For the reasons stated, the court GRANTS respondent's motion to dismiss or for summary judgment [D.E. 11] and DISMISSES petitioner's application for a writ of habeas corpus. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 10 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge